**In re the COMMITMENT OF Adolph MARTINEZ.**

**No. 09–02–199 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Jan. 21, 2003.

Decided Jan. 30, 2003.

Kenneth Balusek, State Counsel for Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit, Civil Division, Huntsville, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

The State filed a petition seeking to involuntarily civilly commit appellant Adolph Martinez as a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–841.147 (Vernon Supp. 2003). A jury found Martinez suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. The trial court entered a final judgment and order of civil commitment. Martinez raises six issues on appeal.

In his first issue, Martinez challenges the Act as being unconstitutional because it is punitive in nature. We have previously rejected this challenge to the statute; in two prior cases we concluded the statute is civil, not punitive. *See Beasley v. Molett,* 95 S.W.3d 590, 607–08 (Tex.App.-Beaumont 2002, no pet. h.); *In re Commitment*

*of Boyd Mullens,* 92 S.W.3d 881, 883-84 (Tex.App.-Beaumont, 2002, no pet. h.). Appellant presents no arguments not addressed in *Beasley* and *Mullens.* Issue one is overruled.

■ Martinez next claims the Act is punitive as applied to him, because he says he does not have the mental ability to understand or comply with the order of commitment. His issue presupposes a violation of a specific condition of the commitment order. The record reveals no violation. When an issue depends on contingent or hypothetical facts, or upon events that have not occurred, the issue is not ripe for review. *See Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.,* 971 S.W.2d 439, 443 (Tex.1998). Issue two is overruled.

■ In issue three, Martinez claims his due process rights were violated because the trial court made him stand trial while he was incompetent. Specifically, Martinez claims the evidence shows he could not assist his attorneys in preparation for the trial, and he did not have an understanding of the proceedings against him. He asks a rhetorical question—"Does due process apply to SVP proceedings?"—and maintains that such due process safeguards as assistance of counsel, the right to appear at trial and put on evidence, and the right to confront witnesses must be afforded under the Act. Chapter 841 affords a person those safeguards. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.005, 841.061 (Vernon Supp.2003). Martinez claims that, even if due process is afforded him by the Act, he could not exercise his rights because he was mentally incompetent to stand trial.

The State's expert, Dr. Clayton, testified that although Martinez tested at below average intelligence with an IQ between sixty and seventy, he actually functions "streetwise" higher than a 70 IQ and "le-gally meets criteria for being mentally competent...." Dr. Braly, another State's witness, testified Martinez's functioning IQ level is 78 to 80, a "low, borderline intellectual functioning" score, but also expressly stated he does not believe Martinez is retarded. Braly was not asked and gave no opinion regarding Martinez's competency. Dr. Branaham, appellant's expert, testified Martinez's IQ is between 69 and 79, and his reading comprehension level is below that of a second grader. Branaham also testified Martinez is able to understand right from wrong. Branaham further stated he did not specifically address the issue of competency to stand trial in his evaluation of Martinez, but he also stated he did not find Martinez incompetent to stand trial. None of the three experts found Martinez to be incompetent.

The testimony of Dr. Reid, submitted by appellant in support of his incompetency claim, was excluded by the trial court because of appellant's failure to timely designate the witness. Appellant does not challenge the trial court's exclusion of that testimony on that basis. Martinez testified at trial. At one point he agreed with his attorney that during his deposition he had indicated he did not really understand the questions; but he provided no testimony that he could not communicate with or assist his attorney.

Furthermore, Chapter 841 is a civil, not a criminal or quasi-criminal, statute. *See Beasley,* 95 S.W.3d at 607–08; *see also generally Kansas v. Hendricks,* 521 U.S. 346, 361–65, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). In enacting Chapter 841, the legislature found that the existing involuntary commitment provisions are inadequate to address the risk sexually violent predators pose to society; accordingly, the legislature crafted a supervision and treatment program specifically for sexually vio-

lent predators. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.001 (Vernon Supp.2003).

██ Chapter 841 reaches prisoners, juveniles, persons pleading guilty and receiving deferred adjudication, persons found not guilty by reason of insanity, and persons convicted of prior sexually violent offenses. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(b) (Vernon Supp.2003). The Act affords these persons with an array of protections, including counsel, experts, a jury trial, a beyond reasonable doubt burden of proof imposed on the State, and biennial reviews. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.005, 841.006, 841.023(a), 841.061, 841.062, 841.101, 841.102, 841.144, 841.145, 841.146 (Vernon Supp.2003). As stated in *Hendricks*, "[U]nder the appropriate circumstances and when accompanied by proper procedures, incapacitation may be a legitimate end of the civil law." *Hendricks*, 521 U.S. at 365–66, 117 S.Ct. 2072. Involuntary civil commitment does not itself trigger the entire range of criminal protections. *See Allen v. Illinois*, 478 U.S. 364, 372, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986) (Illinois's sexually dangerous person act is civil in nature and, as such, the application of the full panoply of rights in criminal trials is not required.). The fact that Chapter 841 affords many of the procedural safeguards usually found in criminal trials does not transform the proceeding into a criminal or quasi-criminal proceeding. *See Allen*, 478 U.S. at 372, 106 S.Ct. 2988. Due process does not require a separate competency hearing in a civil commitment proceeding under Chapter 841. We conclude appellant's due process rights were adequately protected.

██ In issue four, Martinez argues there is no evidence in the record that he has serious difficulty controlling his behavior. The nearest proof, he says, is the testimony that he would have difficulty controlling his urges. And this evidence, he says, does not come close to satisfying the beyond a reasonable doubt standard. We address appellant's claim as a legal sufficiency point. In *Mullens*, because of the "beyond a reasonable doubt" burden of proof, we adopted—for sexually violent predator civil commitment cases—the appellate standard of review in criminal cases for legal sufficiency of the evidence. *See Mullens*, at 884. We review all of the evidence in a light most favorable to the verdict, and we look to see if a rational factfinder could have found, beyond a reasonable doubt, the elements required for commitment under the statute. *Id.; see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

██ The United States Supreme Court in *Kansas v. Crane*, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), stated that before a person can be civilly committed as a sexually violent predator, there must be "proof of serious difficulty in controlling behavior." *See also Mullens*, at 884. Here, the State presented evidence, through the testimony of Dr. Clayton, a psychiatrist, and Dr. Braly, a psychologist, that Martinez suffers from a behavioral abnormality that makes him likely to reoffend. Both witnesses reviewed the records on Martinez and testified he will have difficulty controlling his urges. In addition, they both diagnosed Martinez as a pedophile. In *Crane*, the Supreme Court noted that *Kansas v. Hendricks*, a 1997 SVP case out of Kansas, involved an individual suffering from pedophilia, "a mental abnormality that critically involves what a lay person might describe as a lack of control. DSM–IV 571–572 (listing as a diagnostic criterion for pedophilia that an individual have acted on, or been affected by, 'sexual urges' toward children)." *Crane*, 534 U.S. 407, 414, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002); *Kansas v. Hen-*

*dricks,* 521 U.S. 346, 360, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). Also in evidence were Martinez's three prior convictions for offenses against children—two sexual assaults and one indecency with a child offense. Appellant presented expert evidence disputing the testimony of the State's expert witnesses. The jury was free to determine which testimony was credible. *See Jones v. Tarrant Util. Co.,* 638 S.W.2d 862, 866 (Tex.1982). The jury's verdict is supported by legally sufficient evidence. Issue four is overruled.

Martinez contends in issue five that his Fifth Amendment privilege against self-incrimination was violated, because the trial court's order of commitment required him to submit to polygraph examinations. We rejected this argument in *Beasley. See Beasley,* 95 S.W.3d at 609–10. (Chapter 841 and the order of commitment do not by their provisions attach a penalty for invoking the Fifth Amendment privilege; the privilege is not self-executing and must be asserted.). Issue five is overruled.

Martinez's final issue complains that the trial court's "Final Judgment and Order of Commitment," based on TEX. HEALTH & SAFETY CODE ANN. § 841.082(a)(1)(4)(5)(9) (Vernon Supp.2003), is unconstitutionally vague. We rejected this constitutional challenge to those subsections in *Mullens. See Mullens,* at 887-88. We reach the same result here and find the challenged statute and the judgment and order of commitment are not impermissibly vague. Issue six is overruled.

The trial court's judgment is affirmed.

AFFIRMED.