In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-366 CV


____________________



IN RE THE COMMITMENT OF PAUL VINCENT KEEN, JR.






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 01-11-07041-CV






MEMORANDUM OPINION


 The State filed a petition seeking to involuntarily civilly commit appellant Paul
Vincent Keen, Jr. as a sexually violent predator. See Tex. Health & Safety Code Ann.
§§ 841.001-841.147 (Vernon 2003). Keen had three prior sexually violent offenses that
qualified him for consideration under the statute. There is evidence in the record that Keen
admitted he had molested approximately 100 male children who were in their early teens.
The State's expert testified that Keen is a pedophile who is "very dangerous" and is likely
to reoffend, because he "can't control himself." A jury found Keen suffers from a
behavioral abnormality that makes him likely to engage in predatory acts of sexual
violence. He raises four issues on appeal. 

 Keen first argues Chapter 841 is unconstitutional because it is punitive in nature. 
He relies on the factors set forth in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69,
83 S.Ct. 554, 9 L.Ed.2d 644 (1963). We have considered and rejected similar complaints
before. See In re Commitment of Martinez, 98 S.W.3d 373 (Tex. App.-- Beaumont 2003,
pet. filed); Beasley v. Molett, 95 S.W.3d 590, 607-08 (Tex. App.--Beaumont 2002, pet.
filed); In re Commitment of Mullens, 92 S.W.3d 881, 883-84 (Tex. App.-- Beaumont
2002, pet. filed). Issue one is overruled.

 In issue two, Keen contends his due process rights were violated when the trial court
refused his proposed jury question on the issue of volitional control. We have recently
considered and rejected a similar jury submission argument in In re Commitment of
Almaguer, No. 09-02-172-CV, Slip op. at ______, 2003 WL ______ (Tex. App.--Beaumont Sept. 25, 2003, no pet. h.). As in Almaguer, the court's submission in Keen
encompasses the appropriate standard. See id.; see also Kansas v. Crane, 534 U.S. 407,
413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). Issue two is overruled.

 In issue three, Keen contends Chapter 841 is unconstitutionally vague and violates
the separation of powers doctrine because of subparts (a)(1), (2), (4),(5),and (9) of section
841.082. He argues these sections give the trial judge unfettered discretion in imposing
terms and conditions of civil commitment. Subpart 4 is unconstitutionally vague, he says,
because it requires the person's participation in a "specific course of treatment" without
specifying the treatment. He argues subpart 5 is vague, because it requires the person to
"submit to tracking under a particular type of tracking service and to any other appropriate
supervision" without specifying what places the person cannot go, what conduct is
expected of him, and the meaning of "any other appropriate supervision." Finally, he
asserts subpart 9 is vague and violates the separation of powers doctrine, because it allows
the trial judge to impose any requirement determined necessary. We have considered
similar arguments in prior cases and rejected them. In re Commitment of Morales, 98
S.W.3d 288 (Tex. App.--Beaumont 2003, pet. filed); Beasley, 95 S.W.3d at 608-609;
Mullens, 92 S.W.3d at 887-888. We overrule issue three.

 Keen also asserts section 841.085 and the final judgment violate the Fifth
Amendment privilege against self-incrimination, because the commitment order requires
Keen to submit to periodic polygraph examinations. We rejected this argument in 
Mullens. See 92 S.W.3d at 888. We overrule issue four.

 The judgment of the trial court is affirmed.

 AFFIRMED. 

 _________________________________

 DAVID B. GAULTNEY

 Justice

 

Submitted on August 18, 2003

Opinion Delivered October 2, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.