In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-543 CV


____________________



IN RE THE COMMITMENT OF DANIEL CRAIG WEEKS







On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 00-02-01035-CV






MEMORANDUM OPINION (1)


 Daniel Craig Weeks has appealed from the "Final Nunc Pro Tunc Judgment and
Order of Civil Commitment" rendered by the trial court pursuant to Tex. Health &
Safety Code Ann. ch. 841, providing for civil commitment of those found to be sexually
violent predators. Weeks raises three issues: 1) Texas Health & Safety Code Chapter 841
is unconstitutional because it is punitive in nature and violates basic constitutional
safeguards; 2) due process was violated when the trial court refused to submit the issue of
volitional control to the jury; and 3) Texas Health & Safety Code Chapter 841 is
unconstitutionally vague and violates the separation of powers doctrine. Because the issues
raised in this case have been settled by previous opinions of this Court, we issue a
Memorandum Opinion. Tex. R. App. P. 47.4.

Procedural History

 The State began this action in the Montgomery County District Court (2) alleging that
Weeks, an inmate of the Texas Department of Criminal Justice, was a repeat sexually
violent offender, and that he suffers from a behavioral abnormality that makes him likely
to engage in a predatory act of sexual violence. The State sought Weeks's civil
commitment pursuant to Title 11, Article 841 of the Health and Safety Code "until such
time as his behavior abnormality has changed to the extent that he is no longer likely to
engage in a predatory act of sexual violence." (3) 

 After trial, a jury unanimously determined, beyond a reasonable doubt, that Weeks
suffered from a behavioral abnormality making him likely to engage in a predatory act of
sexual violence. (4) The trial court ordered Weeks to be civilly committed for outpatient
treatment and supervision to commence upon his release from TDCJ. (5) 

Factual Background

 The evidence showed that Weeks had two previous convictions in Harris County,
Texas, for sexual assault. Dr. Rahn Bailey, a forensic psychiatrist, testified that, based
upon his one and one-half hour personal interview and reviewing past records, Weeks is
an individual likely to reoffend sexually, due to behavior abnormality. Bailey pointed
specifically to the nature of the offenses (entry into the women's rest rooms at fast food
restaurants to commit the assaults), Weeks's sexual activity, both outside (homosexual
prostitution and dancer at a gay bar) and while in prison, poor performance on recognized
psychological tests, mood and psychotic disorders, "impulsivity" in behavior, and history
of substance abuse. Dr. Windel Dickerson, also a psychiatrist, testified that while his
interview with Weeks and review of his record would indicate a relatively high risk of
reoffending generally, it does not specifically indicate a particularly high risk of
reoffending sexually. 

Contention that Chapter 841 is Punitive

 In his first issue, Weeks contends that Texas Health & Safety Code Chapter 841 is
actually punitive in nature and violates basic constitutional rights. In Beasley v. Molett,
95 S.W.3d 590 (Tex. App.--Beaumont 2002, pet. filed), this Court addressed the same
contention. Noting that the statute had been labeled as a civil commitment procedure, see
Section 841.001, we held that the legislature's manifest intent regarding such statutory
enactment should be rejected only when the challenging party provided "the clearest proof
that the statutory scheme is so punitive either in purpose or effect as to negate the State's
intention to deem it civil." Id. at 607. Analyzing the statute with regard to the
determinative factors set forth in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69,
83 S.Ct. 554, 9 L.Ed.2d 644, 660-61 (1963), we held that appellant there had not shown
"by clearest proof" that Chapter 841 was punitive in purpose or effect. Id. at 607-08. See
also In re Commitment of Morales, 98 S.W.3d 288, 290 (Tex. App.--Beaumont 2003, pet.
filed); In re Commitment of Martinez, 98 S.W.3d 373, 374 (Tex. App.--Beaumont 2003,
pet. filed); In re Commitment of Michaels, 2003 Tex. App. LEXIS 3115 at *2 (Tex. App.--Beaumont 2003, pet. filed)(not designated for publication); In re Commitment of Corliss,
2003 Tex. App. LEXIS 1633 at *1 (Tex. App.--Beaumont 2003, pet. filed)(memorandum
opinion); In re Commitment of Browning, 2003 Tex. App. LEXIS 6922 at ** 11-22 (Tex.
App.--Austin 2003, no pet.). Nothing presented by Weeks here causes us to revisit these
holdings. Issue one is overruled. 

Contention that the trial court should have separately instructed 

the jury on the inability to control behavior

 In his second issue, Weeks contends that the trial court erred in refusing to give the
following instruction to the jury: "Do you find beyond a reasonable doubt that Daniel
Craig Week (sic) has a serious difficulty in controlling his behavior?" In our previous
opinion, In re Commitment of Almaguer, No. 09-02-172 CV, slip op. at _____, 2003 WL
_______ (Tex. App.--Beaumont Sept. 25, 2003, no pet. h.), we determined that such an
instruction was required by neither the United States Constitution (as interpreted by the
United States Supreme Court in Kansas v. Crane (6)), nor by State law. See also In re
Commitment of Shaw, No. 09-02-530 CV, slip op. at _____, 2003 WL _________ (Tex.
App.--Beaumont Sept. 25, 2003, no pet. h.). Issue two is overruled. 

Contention that Chapter 841 is unconstitutionally vague 

and violates the separation of powers

 In his third issue, Weeks contends that certain subsections of Section 841.082 are
unconstitutionally vague and violate the separation of powers doctrine. He points
specifically to the following:


 Before entering an order directing a person's outpatient civil
commitment, the judge shall impose on the person requirements
necessary to ensure the person's compliance with treatment and
supervision and to protect the community. The requirements shall
include:



 
 requiring the person's participation in a specific course of
treatment;
 


 (5) requiring the person to submit to tracking under a particular
type of tracking service and to any other appropriate
supervision;


 any other requirements determined necessary by the judge.



Tex. Health & Safety Code Ann. § 841.082 (Vernon 2003).


 Weeks contends that subsection (4) is unconstitutionally vague in that it improperly
delegates the responsibility of determining the specifics of the treatment to the case
manager. He contends that subsection (5) is unconstitutionally vague by prohibiting him
from going to certain places or being in certain areas; he is left uncertain as to his expected
conduct; and, that the phrase "any other appropriate supervision" is vague and allows
enforcement in an unequal and arbitrary manner. He also challenges the constitutionality
of subsection (9), both for vagueness and for violating Art. I, Section 1 of the Texas
Constitution (separation of powers) on the theory that the legislature has impermissibly
delegated its powers to create new criminal laws to the trial judge. In Beasley v. Molett,
95 S.W.3d at 608-09 and In re Commitment of Mullens, 92 S.W.3d 881, 887-88 (Tex.
App.--Beaumont 2002, pet. filed), we expressly reject these arguments. Issue three is
overruled and the judgment of the trial court is affirmed. 

 AFFIRMED.


 PER CURIAM



Submitted on August 20, 2003

Opinion Delivered October 2, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. By statute, the Montgomery County District Court has jurisdiction over these
actions. See Tex. Health & Safety Code Ann. § 841.041(a) (Vernon 2003). 
3. See Tex. Health & Safety Code Ann. § 841.081 (Vernon 2003).
4. See Tex. Health & Safety Code Ann. § 841.062 (Vernon 2003). 
5. See Tex. Health & Safety Code Ann. § 841.081 (Vernon 2003).
6. 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002).