In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-002 CV


____________________



IN RE THE COMMITMENT OF TIMOTHY LEE DANNER






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Court Cause No. 01-03-02097CV






MEMORANDUM OPINION


 The State filed a petition seeking to involuntarily civilly commit appellant Timothy
Lee Danner as a sexually violent predator. See Tex. Health & Safety Code Ann. §§
841.001-841.150 (Vernon 2003 & Supp. 2004). The State's petition was based in part on
Danner's convictions for three prior sexually violent offenses that qualified him for
consideration under Chapter 841 as a sexually violent predator. All three of his
convictions were for crimes against children. A jury found Danner suffers from a
behavioral abnormality that makes him likely to engage in a predatory act of sexual
violence. The trial court entered a final judgment and order of civil commitment from
which Danner appeals. Danner raises six issues. 

 In issue one, Danner argues Chapter 841 is unconstitutional because, he says, it is
punitive in nature and violates basic constitutional safeguards. He relies on the factors set
out in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69, 83 S.Ct. 554, 9 L.Ed.2d 644
(1963). We have considered and rejected these complaints before. See In re Commitment
of Shaw, No. 09-02-530 CV, 2003 Tex. App. LEXIS 8378 (Tex. App.-- Beaumont Sept.
25, 2003, no pet. h.); In re Commitment of Martinez, 98 S.W.3d 373 (Tex. App.--Beaumont 2003, pet. filed); Beasley v. Molett, 95 S.W.3d 590, 607-08 (Tex. App. --Beaumont 2002, pet. filed); In re Commitment of Mullens, 92 S.W.3d 881, 883-84 (Tex.
App.--Beaumont 2002, pet. filed). Issue one is overruled.

 In issue two, Danner relies on Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151
L.Ed.2d 856 (2002), to support his contention that his due process rights were violated
due to the trial court's jury charge. We have recently rejected these jury submission
arguments in In re Commitment of Almaguer, No. 09-02-172 CV, 2003 Tex. App. LEXIS
8406 (Tex. App.--Beaumont Sept. 25, 2003, no pet. h.). As in Almaguer, the trial court's
submission encompasses the appropriate standard and does not violate Danner's due
process rights. See id; see generally Crane, 534 U.S. at 412-414. Issue two is overruled. 
 

 In issue three, Danner says Chapter 841 is unconstitutionally vague and violates the
separation of powers doctrine. He directs his "vagueness" arguments at subsections (4),
(5), and (9) of section 841.082(a) and the separation-of-powers argument at subsection (9). 
We have rejected these arguments in prior cases. See Shaw, 2003 Tex. App. LEXIS
8378 at *9; Beasley, 95 S.W.3d at 608-09; Mullens, 92 S.W.3d at 887-88. We overrule
issue three.

 Danner argues in issue four that his Fifth Amendment privilege against self-incrimination was violated when evidence of his interviews with two doctors was admitted
at trial. (1) However, Danner failed to raise his Fifth Amendment violation objection at trial
and failed to preserve the issue. See Tex. R. App. P. 33.1(a)(1)(A); Shaw, 2003 Tex.
App. LEXIS 8378 at *10. Issue four is overruled.

 In issue five, Danner maintains that his Fifth Amendment privilege against self
incrimination was violated when the trial court ordered him to submit to polygraph
examinations. We rejected this argument in Mullens. See 92 S.W.3d at 888; see also
Shaw, 2003 Tex. App. LEXIS 8378 at *10. We overrule issue five.

 In his final issue, Danner asserts the trial court erred by admitting evidence
regarding his three prior final convictions even though he had stipulated to the convictions.
The trial court accepted Danner's offer to stipulate (2) to the prior convictions required to
establish a defendant's status as a "repeat sexually violent offender" under the sexually
violent predator statute. See Tex. Health & Safety Code Ann. § 841.003(a)(1), (b)
(Vernon Supp. 2003). By judicially admitting to the prior convictions, Danner relieved
the State of the burden of submitting evidence to prove he is a repeat sexually violent
offender. Establishing that element, however, was not the State's only purpose in
introducing the evidence. The State also offered the penitentiary packets to satisfy the
other element of section 841.003 -- namely that Danner suffers from a behavioral
abnormality that makes him likely to engage in a predatory act of sexual violence. See
Tex. Health & Safety Code Ann. § 841.003(a)(2) (Vernon 2003). We previously
rejected a similar argument in In re Commitment of Adams, No. 09-03-003 CV, Slip. op.
at ____, 2003 WL ______ (Tex. App.--Beaumont December 11, 2003, no pet. h.). 

 Danner also argues the pen packet evidence was unfairly prejudicial to him. Under
Tex. R. Evid. 403, relevant evidence may nonetheless be excluded if its probative value
is substantially outweighed by the danger of unfair prejudice. Danner argues the admission
of the pen packets caused the jury to improperly focus on the "convictions and evidence
regarding them." The pen packets contained evidence of his prior offenses - all directed
at children. He committed one offense (indecency with a child younger than seventeen)
on December 29, 1984; another offense (sexual assault of a child under fourteen) was
committed January 30, 1985. In March 1991 he again committed the offense of indecency
with a child younger than seventeen. The pen packet evidence was probative of whether
Danner has a behavioral abnormality. "[T]here must be a demonstration that introduction
of the evidence would be unfairly prejudicial to the objecting party." Pittsburgh Corning
Corp. v. Walters, 1 S.W.3d 759, 772 (Tex. App.--Corpus Christi 1999, pet. denied). The
pen packet evidence cannot be said to be unfairly prejudicial. The evidence assists the jury
in making its determination of whether Danner has a behavioral abnormality that makes
him likely to engage in a predatory act of sexual violence. The trial court did not err in
admitting the evidence. We overrule issue six. 

 The judgment and order of the trial court are affirmed.

 AFFIRMED.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on November 14, 2003

Opinion Delivered December 18, 2003 


Before McKeithen, C.J., Burgess and Gaultney, JJ. 
1. In his appellate brief, Danner references two doctors, Dr. Rahn Bailey and Dr.
Rogers. Dr. Bailey's trial testimony is contained in the record. Appellant does not supply
us with any record reference to Dr. Rogers in the record, and we find none. 
2. No written stipulation appears in the record. Stipulations should be reduced to
writing and filed with the record. See Tex. R. Civ.P. 11; Tex. R. Evid. 201.