In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-168 CV


____________________



IN RE THE COMMITMENT OF JAMES RICHARDS






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Court Cause No. 01-09-05913 CV






MEMORANDUM OPINION


 The State filed a petition seeking to involuntarily civilly commit appellant James
Richards as a sexually violent predator. See Tex. Health & Safety Code Ann. §§
841.001-841.147 (Vernon 2003 & Supp. 2004). Richards had four prior sexually violent
offenses. See Tex. Health & Safety Code Ann. § 841.002(8)(E) (Vernon Supp. 2004). 
The State's expert testified that Richards has a behavioral abnormality, consisting of both
sexual sadism and anti-social personality disorder, and that there is a high probability he will
commit a sexually violent offense in the future. A jury found Richards suffers from a
behavioral abnormality that makes him likely to engage in predatory acts of sexual violence. 
He raises five issues on appeal. 

 Richards first argues Chapter 841 is unconstitutional because it is punitive in nature. 
He relies on the factors set forth in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69, 83
S.Ct. 554, 9 L.Ed.2d 644 (1963). We have considered and rejected similar complaints
before. See In re Commitment of Martinez, 98 S.W.3d 373 (Tex. App.-- Beaumont 2003, pet.
denied); Beasley v. Molett, 95 S.W.3d 590, 607-08 (Tex. App.--Beaumont 2002, pet. denied);
In re Commitment of Mullens, 92 S.W.3d 881, 883-84 (Tex. App.--Beaumont 2002, pet.
denied); but see In re Commitment of Fisher, No. 13-01-00714-CV, 2003 Tex. App. LEXIS
10697 (Tex. App.--Corpus Christi, Dec. 18, 2003, no pet. h.)(not yet released for
publication). Issue one is overruled.

 In issue two, Richards argues his due process rights were violated because of error in
the jury charge. Appellant did not preserve his charge complaint regarding volitional control.
See Tex. R. App. 33.1(a). Furthermore, we rejected this argument in In re Commitment of
Almaguer, 117 S.W.3d 500, 502-06 (Tex. App.--Beaumont 2003, pet. filed). Issue two is
overruled. 

 In issue three, Richards contends section 841.082 is unconstitutionally vague and
violates the separations of powers doctrine because of subparts (a)(4)(5)(9). We have
considered these arguments in prior cases and rejected them. See Beasley, 95 S.W.3d at 608-10; Mullens, 92 S.W.3d at 887-888; see also In re Commitment of Shaw,117 S.W.3d 520,
524-25 (Tex. App.--Beaumont 2003, pet. filed). Issue three is overruled.

 Richards asserts section 841.085 and the final judgment violate the Fifth Amendment
privilege against self-incrimination, because the commitment order requires him to submit
to polygraph examinations. We rejected this argument in Mullens, 92 S.W.3d at 888. We
overrule issue four.

 In his final issue, Richards maintains the trial court erred by admitting penitentiary
packets showing prior final convictions even though he had stipulated to the convictions. 
Because of the stipulations, he argues the evidence is irrelevant and unfairly prejudicial. We
have recently considered these arguments in In re Commitment of Adams, No. 09-03-003 CV,
2003 Tex. App. LEXIS 10417 (Tex. App.--Beaumont Dec. 11, 2003, no pet. h.), and rejected
them. The pen packet evidence is relevant to show Richards suffers from a behavioral
abnormality that makes him likely to engage in a predatory act of sexual violence. See Tex.
Health & Safety Code Ann. § 841.003(a)(2) (Vernon 2003). A stipulation to the previous
convictions does not remove that issue from controversy. In re Commitment of Adams, 2003
Tex. App. LEXIS 10417, at *5. Set out in the penitentiary packets and described more fully
in the psychologist's testimony, the prior convictions, along with for example psychological
testing and a personal interview, support the expert's diagnosis of Richards' sexual sadism
and anti-social personality disorder and are relevant. The pen packets are probative and not
unfairly prejudicial. Issue five is overruled.

 The judgment is affirmed.

 AFFIRMED. 

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on February 10, 2004

Opinion Delivered February 12, 2004 


Before McKeithen, C.J., Burgess and Gaultney, JJ.