In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00236-CV
_____

IN RE COMMITMENT OF JOHN EARL ALEXANDER

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 11-09-10035 CV

MEMORANDUM OPINION

The State filed a petition seeking the involuntary civil commitment of John Earl Alexander as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found beyond a reasonable doubt that Alexander is a sexually violent predator. *See id.* § 841.003 (West 2010). The trial court signed an order of commitment, and Alexander filed this appeal from the final judgment. The issues raised on appeal present no reversible error. We affirm the trial court's judgment.

## The Statute

The State was required to prove beyond a reasonable doubt that Alexander is a sexually violent predator. *See id.* § 841.062(a) (West 2010). The statute defines "sexually violent predator" as a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a). A "behavioral abnormality" is a "congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2012).

## Constitutional Challenge

In his first issue, Alexander argues the Texas Supreme Court's opinion in *In re Commitment of Bohannan*, 388 S.W.3d 296, 302-03 (Tex. 2012), *cert. filed* (Apr. 8, 2013)(No. 12-9719), has the effect of eliminating the requirement of a mental illness for civil commitment under the SVP statute. Alexander argues the statute is therefore facially unconstitutional. As this Court recently stated in *In re Commitment of Anderson*, "We do not read the *Bohannan* opinion as eliminating a statutory requirement, or as altering the proof required under the statute to find that a person is a sexually violent predator." *In re Commitment of Anderson*, 392

2

S.W.3d 878, 886 (Tex. App.—Beaumont 2013, pet. denied). Issue one is overruled.

## RULING ON MOTION TO QUASH

In his second issue, Alexander contends the trial court erred by denying Alexander's motion to depose Dr. Lisa Clayton, the State's expert. Alexander served a notice to depose Clayton and the State filed a motion to quash the deposition. After a hearing, the trial court granted the State's motion to quash. Alexander maintains that the trial court should have allowed the deposition because *Brady v. Maryland*'s rule requiring disclosure of exculpatory evidence in criminal cases should be extended to SVP civil commitment cases. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

We review a trial court's ruling on a motion to quash a deposition under an abuse-of-discretion standard. *See In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 445 (Tex. 2007); *Salazar v. Coastal Corp.*, 928 S.W.2d 162, 171 (Tex. App.—Houston [14th Dist.] 1996, no writ). SVP cases are civil proceedings, not criminal or quasi-criminal. *See In re Commitment of Martinez*, 98 S.W.3d 373, 375 (Tex. App.—Beaumont 2003, pet. denied) ("Chapter 841 is a civil, not a criminal or quasi-criminal, statute."). A civil commitment proceeding is subject to the rules

3

of civil procedure unless otherwise provided by the Act. Tex. Health & Safety Code Ann. § 841.146(b) (West 2010).

Clayton was not designated or retained as a testifying expert for the State. "The identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert are not discoverable." Tex. R. Civ. P. 192.3(e). The trial court did not abuse its discretion in granting the State's motion to quash. Issue two is overruled.

SUFFICIENCY OF THE EVIDENCE

In his third and fourth issues, Alexander challenges the legal and factual sufficiency of the evidence supporting the jury's finding that he is a sexually violent predator. Alexander argues the State's experts presented no basis supporting their opinions on Alexander's current mental health or ability to control his behavior. He maintains the evidence is legally and factually insufficient to support the verdict because the State failed to provide evidence that he presently suffers from any of the mental disorders diagnosed by the experts, failed to provide evidence to establish either a current condition or volitional impairment, and failed to establish he has serious difficulty in controlling his behavior. *See generally In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied) (legal sufficiency standard of review); *see also In re Commitment of Day*,

4

342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied) (factual sufficiency standard of review).

Alexander has a history of sexual offenses. In 2002, he received juvenile probation for the offense of aggravated sexual assault of a child under fourteen years of age. In 2009, he pleaded guilty to two offenses of indecency with a child and received deferred adjudication community supervision for five years for each. He violated the terms of his community supervision and in July 2010 was sentenced to three years of confinement for each of the indecency-with-a-child offenses, to be served concurrently. Alexander was serving these sentences at the time of trial, and was twenty-three years old.

The State's experts, Dr. Stephen Thorne and Dr. David Self, testified that Alexander suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Thorne diagnosed Alexander with sexual deviancy, pedophilia, personality disorder not otherwise specified, and mood disorder. Dr. Self diagnosed Alexander with pedophilia, sexual deviancy, personality disorder not otherwise specified, antisocial personality with psychopathic traits, major depression with psychosis by history, and polysubstance dependence.

Thorne identified Alexander's risk factors for re-offending. Alexander was almost thirteen years old when he committed his first offense against his five-year-old sister; he re-offended after completing sex offender treatment; his second and third offenses also involved child victims; he denies some of the offenses despite pleading guilty; he has repeat victims; a large percentage of sexual offenses take place by individuals in his age category; and he has not done anything to improve his risk level. Dr. Thorne also considered Alexander's psychiatric history and past desire to discontinue taking his psychiatric medications, his antisocial and past threatening behavior, his history of substance abuse, his pattern of violating rules and laws, and his lack of a specific plan upon his release. Dr. Self identified risk factors similar to those identified by Thorne.

Dr. Thorne noted that Alexander's actions show he has had a difficult time controlling his impulses. Alexander told Thorne that "he lives in the moment" and does not plan ahead. Thorne believes these statements show that Alexander is not taking the necessary steps to prevent predatory behavior from happening again. Thorne noted that it is not significant that Alexander has not reoffended while incarcerated. His victims were child victims and he does not have access to children while he is incarcerated. Alexander re-offended after completing sex offender treatment, and has not had any sex offender treatment since his most

6

recent offenses. Alexander does not believe he needs it. Thorne has concerns that he does not have a plan to avoid re-offending because Alexander denies he has a problem.

Dr. Self likewise has concerns about Alexander's volitional capacity, because Alexander committed his second and third offenses shortly after completing his probation and after more than four years of sex offender treatment. Self calls this a "marked failure of [Alexander's] volition." Self is also concerned that Alexander denies the need for sex offender treatment and that he acts without planning.

At trial, Alexander admitted the offense against his sister but explained that he did not know at the time that it was wrong. Although Alexander pleaded guilty to the two later offenses, he denied at trial that he committed them. He testified that he does not have a problem with sex offending, does not believe he is a sex offender, and does not believe he needs sex offender treatment.

The evidence supports the jury's verdict. The jury was entitled to draw reasonable inferences from basic facts to determine ultimate fact issues, and to resolve conflicts and contradictions in the evidence by believing all, part, or none of a witness's testimony. *In re Commitment of Barbee*, 192 S.W.3d 835, 842 (Tex App.—Beaumont 2006, no pet.). Considering the evidence in the light most

7

favorable to the verdict, we conclude the jury could reasonably find beyond a reasonable doubt that Alexander has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. The record does not reflect a risk of injustice that compels granting a new trial. Issues three and four are overruled. The trial court's judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on April 8, 2013
Opinion Delivered May 30, 2013

Before Gaultney, Kreger, and Horton, JJ.