In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00497-CV

_____

IN RE COMMITMENT OF MARK EDWARD SLAMA

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-03-02427 CV**

_____

**MEMORANDUM OPINION**

The State filed a petition to commit Mark Edward Slama as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-841.151 (West 2010 & Supp. 2014) (the SVP statute). A jury found that Slama suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id.* § 841.003(a) (West Supp. 2014). The trial court signed a final judgment and order of civil commitment.

Slama raises four issues on appeal: (1) the trial court erred in denying him assistance of counsel at a post-petition psychiatric examination; (2) the trial court

1

erred in granting a directed verdict on the repeat sex offender element; (3) the trial court erred in admitting "substantive hearsay evidence" of a non-testifying expert through expert testimony; and (4) the admission of the "substantive hearsay evidence" was fundamental error and denied Slama a fair trial. Finding no error, we affirm the trial court's judgment and order of civil commitment.

Slama was convicted of three offenses of indecency with a child by sexual contact, but he admitted in his testimony that he has sexually assaulted ten different victims. He also admitted that he still has sexual urges towards children. Dr. Self, the State's expert and a forensic psychiatrist, reviewed Slama's records, including the report of an evaluation by Dr. Woodrick. Dr. Self concluded that Slama suffers from pedophilia and antisocial personality disorder, and that he has a behavioral abnormality.

RIGHT TO COUNSEL

In his first issue, Slama contends that the trial court committed reversible error by denying him the right to have his attorney present at the post-petition psychiatric examination conducted by the State's expert prior to trial. We have held that neither the SVP statute nor the Fourteenth Amendment requires that counsel be present during a psychiatrist's post-petition examination. *In re Commitment of Smith*, 422 S.W.3d 802, 807 (Tex. App.—Beaumont 2014, pet.

2

denied). Slama argues that *Smith* was based solely on a concession by Smith that the SVP statute defines a civil commitment proceeding as a "trial or hearing" and does not appear to encompass a pre-trial psychiatric examination. *Id.* at 806. In *Smith*, while we noted that Smith made a concession, we did not use the concession to reach our holding. *Id.* at 804-07. Additionally, we have upheld our ruling in *Smith* in other cases. *See In re Commitment of Edwards*, No. 09-13-00575-CV, 2014 Tex. App. LEXIS10033, at *20 (Tex. App.—Beaumont Sept. 4, 2014, no pet. h.); *In re Commitment of Speed*, No. 09-13-00488-CV, 2014 Tex. App. LEXIS 4444, at *2 (Tex. App.—Beaumont Apr. 24, 2014, pet. denied) (mem. op.); *see also In re Commitment of Lemmons*, No. 09-13-00346-CV, 2014 Tex. App. LEXIS 3888, at **1-2 (Tex. App.—Beaumont Apr. 10, 2014, pet. denied) (mem. op.). We decline to revisit our previous rulings. For the reasoning discussed in *Smith*, we overrule Slama's first issue.

## DIRECTED VERDICT

In issue two, Slama challenges the trial court's decision to grant the State's motion for directed verdict regarding whether Slama is a repeat sexually violent offender. Slama argues there is a conflict between the Texas Rules of Civil Procedure, which allow for a directed verdict, and the SVP statute, which provides that in a jury trial, the "jury shall determine whether, beyond a reasonable doubt,

3

the person is a sexually violent predator." Tex. Health & Safety Code Ann. § 841.062(a) (West 2010); *see* Tex. R. Civ. P. 268. Slama argues that because the SVP statute controls when it is in conflict with the Texas Rules of Civil Procedure, it was error for the trial court to grant the State's motion for a directed verdict, because the jury should have decided the issue on which the directed verdict was granted. *See* Tex. Health & Safety Code Ann. § 841.146(b) (West 2010).

This Court has held that a civil commitment proceeding is generally subject to the rules of procedure for civil cases and the trial court may grant a partial directed verdict to remove a certain portion of a case from the factfinder. *In re Commitment of Scott*, No. 09-11-00555-CV, 2012 Tex. App. LEXIS 8866, at **4-5 (Tex. App.—Beaumont Oct. 25, 2012, no pet.) (mem. op.); *see In re Commitment of Martinez*, No. 09-12-00452-CV, 2013 Tex. App. LEXIS 13512, at *12 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op.). In *Lemmons*, we addressed an argument virtually identical to Slama's, and we found "no conflict between the SVP statute and the Rules of Civil Procedure that precludes the granting of a directed verdict in a jury trial when no evidence of probative value raises an issue of material fact on the question presented." *Lemmons*, 2014 Tex. App. LEXIS 3888, at **6-8. We overrule issue two.

4

ADMISSION OF EVIDENCE

In issue three, Slama contends the trial court abused its discretion by admitting Dr. Self's testimony about the report of Dr. Woodrick, a non-testifying expert, because Dr. Self "did not rely on Woodrick's out-of-court statements in forming his opinions." According to Slama, "Woodrick's out-of-court statements were actually admitted and used as substantive evidence in violation of the hearsay rule." In issue four, Slama maintains the trial court's admission of this evidence was fundamental error that deprived him of a fair trial.

We review the admission or exclusion of evidence under an abuse of discretion standard. *In the Interest of J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *In re Commitment of McCarty*, No. 09-12-00083-CV, 2013 Tex. App. LEXIS 7855, at **4-5 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We will not reverse a judgment on the admission or exclusion of evidence unless the appellant establishes that the trial court's ruling was in error and that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *See McCarty*, 2013 Tex. App. LEXIS 7855, at *5; *see also* Tex. R. App. P. 44.1(a)(1).

When Dr. Self began to testify regarding Slama's scores on the actuarial tests administered by Woodrick, Slama's counsel objected on the basis of hearsay and requested a limiting instruction:

> [State's Counsel]: And what was his final score on that actuarial?
>
> [Defense Counsel]: Objection. Your Honor, at this point in time the testimony that she's asking the doctor to elicit is hearsay, and I would ask for a limiting instruction.
>
> THE COURT: Well, yes, it's hearsay; but the doctor can testify about it because the Rules say that hearsay, for the purposes of showing not the truth of the matter asserted, but for the purposes of showing the basis of an expert's opinion, can be testified to. So the jury can decide whether or not to rely on his opinion.
> I'll give a more detailed explanation of the - - you know, one, what hearsay is, and, number two, why they can hear the hearsay but cannot rely on it to prove the truth of the matter asserted. Or is that adequate?
>
> [Defense Counsel]: I would like the full limiting instruction, please, Your Honor.
>
> . . . .
>
> THE COURT: Ladies and gentlemen of the jury, hearsay is a statement offered in evidence to prove the truth of the matter asserted or the truth of what is stated in the hearsay. But other than a statement made by a party opponent or deposition testimony, and we talked about that earlier, or made while a witness is testifying at trial, certain hearsay information contained in records reviewed by this witness has been and will be presented to you during the trial. Such hearsay information is presented before you for the purpose of showing the basis of this witness's opinion. Such hearsay information cannot be considered by you as evidence to prove the truth of the statements that

are hearsay. Presented only to afford you the opportunity to decide the weight and credibility to be given to this witness's testimony.
Is that - - is that adequate?

[Defense Counsel]: Yes, Your Honor, thank you.

Thereafter, defense counsel made another hearsay objection to Dr. Self's testimony regarding Woodrick's scoring of the actuarial test and the trial court stated, "Well, I gave an explanation. It may be hearsay, but under the Rules dealing with opinions by proffered experts, the hearsay can be presented before the jury, not to prove the truth of the hearsay, but for the purposes of showing the basis of this expert's opinion." The trial court sustained the hearsay objection, but overruled defense counsel's "objection to its presentation to the jury because the Rules of Evidence say it is admissible before them, but not for the purposes of proving the truth."

Dr. Self continued his testimony and explained that he reviewed Woodrick's report, as well as other documents, as part of his methodology in evaluating Slama for a behavioral abnormality. Dr. Self explained that the documents he reviewed for Slama are the types of documents other experts in the field review and rely on in determining whether a person has a behavioral abnormality. Although Slama argues that Dr. Self acknowledged that he relied on Woodrick's report "in small part," Self's testimony demonstrated that he utilized the report, along with many other documents, that it was only part of his evaluation, and that it assisted him in

7

determining and forming the basis for his opinion that Slama suffers from a behavioral abnormality.

SVP cases are civil proceedings, not criminal or quasi-criminal. *See In re Commitment of Martinez*, 98 S.W.3d 373, 375 (Tex. App.—Beaumont 2003, pet. denied) ("Chapter 841 is a civil, not a criminal or quasi-criminal, statute."). A civil commitment proceeding is subject to the rules of civil procedure unless otherwise provided by the Act. Tex. Health & Safety Code Ann. § 841.146(b). To preserve error concerning the admission of evidence, a party must timely object, stating the specific ground of objection, if the specific ground is not apparent from the context. Tex. R. Evid. 103(a)(1); *see also* Tex. R. App. P. 33.1(a).

This Court has previously held that, under Rule 705(a) of the Texas Rules of Evidence, an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data, and may discuss the defendant's prior offenses as part of the basis for the expert's opinion. *See, e.g., In re Commitment of Camarillo*, No. 09-12-00304-CV, 2013 Tex. App. LEXIS 7212, at **8-10 (Tex. App.—Beaumont June 13, 2013, no pet.) (mem. op.); *In re Commitment of Day*, 342 S.W.3d 193, 197-98 (Tex. App.—Beaumont 2011, pet. denied). Rule 705 states that if otherwise inadmissible evidence relied on by an expert is disclosed to the jury, the court must give the jury a limiting instruction

8

upon request. Tex. R. Evid. 705(d). We have previously overruled similar arguments regarding the disclosure of information on which the experts relied in forming their opinions. *See* Tex. R. Evid. 705; *In re Commitment of Garcia*, No. 09-12-00194-CV, 2013 Tex. App. LEXIS 14986, at \*\*15-17 (Tex. App.—Beaumont Dec. 12, 2013, pet. denied) (mem. op.); *In re Commitment of Reed*, No. 09-11-00484-CV, 2012 Tex. App. LEXIS 2493, at \*\*2-6 (Tex. App.—Beaumont Mar. 29, 2012, no pet.) (mem. op.); *In re Commitment of Day*, 342 S.W.3d at 197-98. It is presumed the jury followed the court's limiting instructions. *Day*, 342 S.W.3d at 199. Slama did not object to the trial court's limiting instruction given during Dr. Self's testimony, did not request a different or additional instruction, and did not object to the limiting instruction contained in the jury charge.

Slama acknowledges that his objections to Dr. Self's testimony were only hearsay objections. Relying on cases from other jurisdictions, Slama argues on appeal that his hearsay objections to Woodrick's "out-of-court statements" also preserved Slama's claim that the statements were not "basis" evidence, and that he therefore preserved the argument which he raises for the first time on appeal. To preserve error for appellate review, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefore, and obtain a ruling. *In re Commitment of Bocanegra*, No. 09-11-00002-CV, 2013 Tex. App.

9

LEXIS 844, at *12 (Tex. App.—Beaumont Jan. 31, 2013, pet. denied) (mem. op.). Slama did not specifically make a Rule 705 objection to Self's testimony regarding his reliance on Woodrick's report and, we conclude he did not preserve his objection. *See* Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a).

Slama contends that even if error was not preserved, the admission of Woodrick's "out-of-court statements" through Self's testimony "should be considered fundamental error that can be raised for the first time on appeal because it denied [him] his basic due process right to a fair trial." In *In re Commitment of King*, we recently held that similar testimony concerning the basis of an expert's opinion was not "fundamental error" that could be raised for the first time on appeal. *See King*, No. 09-13-00255-CV, 2014 Tex. App. LEXIS 724, **13-16 (Tex. App.—Beaumont Jan. 23, 2014, no pet.) (mem. op.). In a footnote we explained why the out-of-state cases King relied on were not applicable. *See id.* at *15 n.3. As we stated in *King*, the cases were factually distinguishable from the facts in *King* and neither case involved an application of the Texas SVP statute. *See id.* Slama now urges this Court to revisit our holding in *King* because, according to Slama, the factual differences between the out-of-state cases and this case makes "no legally significant" difference. We decline to revisit our holding in *King*.

10

Even if the objection had been preserved and the trial court had committed error by admitting the evidence, we further conclude that the admission of the evidence was harmless. There was sufficient evidence in the record that would support the jury's verdict, including, but not limited to, the pen packet, Slama's responses to the State's requests for admission, the other testimony from Dr. Self, and the testimony from Slama himself.

In order to make "'[a] successful challenge to evidentiary rulings [it] requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted.'" *In re Commitment of Romo*, No. 09-12-00598-CV, 2013 Tex. App. LEXIS 13495, at *8 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op.) (quoting *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995)). Given the evidence in the record, the admissions from Slama, his prior convictions, and the testimony from Dr. Self that Slama suffers from a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence, Slama has not demonstrated that the trial court's judgment turns on the particular evidence about which he complains on appeal, and Slama has failed to demonstrate that the admission of the testimony probably caused the rendition of an improper judgment. Having overruled all of Slama's issues, we affirm the judgment.

11

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on September 8, 2014
Opinion Delivered November 20, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.