In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00263-CV
_____


IN RE ADOLPH MARTINEZ


Original Proceeding
435th District Court of Montgomery County, Texas
Trial Cause No. 01-04-02245-CV


**MEMORANDUM OPINION**

In this original proceeding, we consider whether the trial court abused its discretion by changing the agency in charge of supervising an individual's sex offender treatment from the Office of Violent Sex Offender Management (OVSOM) to the Texas Civil Commitment Office (TCCO), and by ordering the individual to participate in sex offender treatment through a program described by a 2015 amendment to the sexually violent predator statute (SVP statute) as a tiered program. Tex. Health & Safety Code Ann. § 841.0831 (West Supp. 2015). In his

first three issues, Adolph Martinez[1] complains about the trial court's amended order of commitment, arguing the trial court applied amendments to the sexually violent predator statute retroactively to the conditions of his existing commitment in violation of his constitutional rights, improperly placed him into a residence where he was totally confined when his original commitment required that he receive outpatient treatment, and improperly required him to participate in a program of tiered treatment. In his fourth issue, Martinez complains that the trial court abused its discretion by allowing him to waive his rights under the original final judgment that resulted in his commitment by accepting Martinez's "waiver from outpatient treatment."

After reviewing the petition, we conclude that Martinez has not shown that the trial court abused its discretion by amending its order of commitment that controls the conditions of Martinez's commitment as a sexually violent predator. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

---

[1] Martinez was civilly committed in 2002 after a jury found that he is a sexually violent predator. *See In re Commitment of Martinez*, 98 S.W.3d 373, 374 (Tex. App.—Beaumont 2003, pet. denied).

2

We have addressed the arguments that Martinez raises, which challenge the trial court's authority to amend commitment orders, in several prior cases involving individuals whose commitments predated the 2015 amendments to the SVP statute. *See In re Williams*, No. 09-16-00087-CV, 2016 WL 4249175, at *2 (Tex. App.—Beaumont Aug. 11, 2016, orig. proceeding) (mem. op.); *In re Commitment of May*, No. 09-15-00513-CV, 2016 WL 4040186, at **1-9 (Tex. App.—Beaumont July 28, 2016, no pet. h.). For the reasons we explained in *Williams* and *May*, we conclude that Martinez has no valid complaint about the constitutionality or authority of the trial court to amend his existing commitment order by amending it so that it conformed to the changes the Legislature made to the civil commitment program. *See id.* With respect to Martinez's fourth issue, which complains that the trial court abused its discretion by allowing him to waive his rights to outpatient treatment, Martinez has not shown that the trial court lacked jurisdiction over the case or the authority to accept his written waiver. *See In re Commitment of Richards*, 395 S.W.3d 905, 907 (Tex. App.—Beaumont 2013, pet. denied) ("After a person is committed under the SVP statute, the trial court retains jurisdiction over the person and subject matter of the individual's commitment."). Because Martinez has not shown the trial court abused its discretion by amending

the order of civil commitment that governs his commitment, we deny Martinez's request seeking mandamus relief. *See* Tex. R. App. P. 52.8.

PETITION DENIED.

PER CURIAM

Submitted on September 7, 2016
Opinion Delivered September 8, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.