In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00496-CV

_____

IN RE COMMITMENT OF ADOLPH MARTINEZ

_____

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 01-04-02245-CV

_____

MEMORANDUM OPINION

Adolph Martinez filed a notice of appeal from the denial of his plea to the jurisdiction. We questioned our jurisdiction and the parties filed responses. We dismiss the appeal for lack of jurisdiction.

Background

Martinez was civilly committed as a sexually violent predator in an order that this Court affirmed on appeal in 2003. *See In re Commitment of Martinez*, 98 S.W.3d 373 (Tex. App.—Beaumont 2003, pet. denied). At the time of his commitment, all sexually violent predator civil commitment proceedings in Texas originated in

1

Montgomery County. Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, 1999 Tex. Gen. Laws 4122, 4146.[1] As chapter 841 of the Texas Health and Safety Code was originally enacted, section 841.082(c) provided that "[i]mmediately after the person's commitment, the judge shall transfer jurisdiction of the case to a district court, other than a family district court, having jurisdiction in the county in which the defendant is residing." *Id.* at 4148. The judgment committing Martinez states in part that it was "ORDERED that this cause shall be forthwith transferred to an Ector County district court other than a family district court." There is no indication in the mandamus record that the Montgomery County District Clerk transferred the case to Ector County while the case was on appeal.

In 2003, the Legislature amended section 841.082 to provide in subsection (d) that "[i]mmediately after the case becomes final for purposes of appeal, the judge shall transfer jurisdiction of the case to a district court, other than a family district court, having jurisdiction in the county in which the person is residing, except that the judge retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters F and G." Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 24, 2003 Tex. Gen. Laws 1505, 1516. The enacting language for the

_____

[1]The statute's effective date was September 1, 1999. Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, 1999 Tex. Gen. Laws 4122, 4152.

2

2003 amendments stated that "[t]he change in law made by this Act in amending Chapter 841, Health and Safety Code, applies to civil commitment proceedings initiated before, on, or after the effective date of this Act." *Id.* § 32, 2003 Tex. Gen. Laws at 1519. Proceedings under Subchapters F and G include biennial reviews and unauthorized petitions for release. When this Court's mandate affirming Martinez's civil commitment issued in 2004, section 841.082(d) provided that the Montgomery County Court retained jurisdiction of biennial review proceedings. *See id.* In 2005, the Legislature removed the provision for transferring a civil commitment case to the county in which the person is residing. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 849, § 3, 2005 Tex. Gen. Laws 2890, 2892.

In amendments to Chapter 841 of the Texas Health and Safety Code enacted in 2015, the Legislature amended a separate section, 841.041, to provide that "[i]f a person is referred to the attorney representing the state under Section 841.023, the attorney may file, in the court of conviction for the person's most recent sexually violent offense, a petition alleging that the person is a sexually violent predator and stating facts sufficient to support the allegation." Tex. Health & Safety Code Ann. § 841.041(a) (West 2017). The 2015 amendments to section 841.082 left subsection (d) unchanged. Therefore, "[t]he committing court retains jurisdiction of the case with respect to a proceeding conducted under this subchapter, other than a criminal

3

proceeding involving an offense under Section 841.085, or to a civil commitment proceeding conducted under Subchapters F and G." *Id.* § 841.082(d) (West Supp. 2017). The enacting language for the 2015 amendment stated, as follows:

> SECTION 40. (a) Except as provided by Subsection (a–1) of this section, the changes in law made by this Act to Chapter 841, Health and Safety Code, apply to a civil commitment proceeding under that chapter that is initiated on or after the effective date of this Act, regardless of when the applicable petition for civil commitment was filed.

> (a–1) The jurisdiction of a district court, the representation of the state by the civil division of the special prosecution unit, and the representation of a respondent by the Office of State Counsel for Offenders or other court-appointed counsel in any civil commitment trial, any review of a petition for release, or any biennial review under Chapter 841, Health and Safety Code, that is pending on the effective date of this Act remain unaffected by this Act until the conclusion of that proceeding.

> (b) If a civil commitment requirement imposed under Chapter 841, Health and Safety Code, before the effective date of this Act differs from any of the civil commitment requirements listed in Section 841.082, Health and Safety Code, as amended by this Act, the applicable court with jurisdiction over the committed person shall, after notice and hearing, modify the requirement imposed as applicable to conform to that section.

Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 40, 2015 Tex. Sess. Law Serv. 2700, 2711.

Martinez filed a "Petition for Biennial Review" in the District Court of Ector County, Texas. On August 14, 2017, the Ector County District Court signed an order transferring the case to Montgomery County. On September 1, 2017, Martinez filed

4

a plea to the jurisdiction in which he contended that the Montgomery County court lost jurisdiction of his civil commitment on February 13, 2002, the date the trial court signed the judgment. The trial court denied the plea to the jurisdiction, and Martinez filed a notice of appeal.

Arguments and Analysis

Martinez concedes that the trial court's order denying his plea to the jurisdiction is an interlocutory order that is not subject to an interlocutory appeal. He asks this Court to treat the appeal as a petition for a writ of mandamus, and allow him to file a petition for a writ of mandamus in place of an appellant's brief. The State opposes this request.

The statute that allows an accelerated appeal from an interlocutory order applies to a plea to the jurisdiction by a governmental unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2017). The trial court's order denies a plea to the jurisdiction by an individual private citizen. We lack appellate jurisdiction. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (holding that "when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.").

An interlocutory order may be reviewed by mandamus under appropriate circumstances. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011). Addressing an attempted accelerated appeal as an original mandamus proceeding may avoid unnecessarily wasting the parties' time and further judicial resources by requiring a separate document with a different title "where the party has expressly requested mandamus treatment of its appeal in an uncertain legal environment." *Id.* at 453. This case presents no potential ground for having proceeded with an accelerated appeal. Furthermore, no record has been filed and the merits of the issues to be decided have not been briefed. Therefore, no efficient use of judicial resources would be realized by shoe-horning Martinez's attempted accelerated appeal into an original mandamus proceeding. Accordingly, the request is denied. We dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 7, 2018
Opinion Delivered February 8, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.